_____

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| DAVID T., <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER REMANDING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS** <br><br> Case No. 2:17-cv-01255-EJF <br><br> Magistrate Judge Evelyn J. Furse |

Plaintiff David T.[1] ("Mr. T."), pursuant to 42 U.S.C. § 405(g), seeks review of the Acting Commissioner of Social Security's ("the Commissioner") denial of his claim for Disability and Disability Insurance Benefits under Title II of the Social Security Act (ECF No. 3). After careful review of the entire record, the parties' briefs, and arguments presented at a telephonic hearing held on February 13, 2019, the Court REMANDS this case to the Commissioner for further consideration.

## **BACKGROUND**

Mr. T. protectively filed his application for disability insurance benefits on July 17, 2008, alleging disability beginning on November 11, 2005. (Certified

---

[1] Pursuant to adopted best practices in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the Court will refer to the Plaintiff by his first name and last initial only in this Order.

1

Administrative Transcript (herein Tr. \_\_) 137–43, ECF No. 8.) His claims were initially denied on September 17, 2008 and upon reconsideration on December 30, 2008. (Tr. 54, 65-68.)

On January 8, 2009, Mr. T. timely requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 69.) A hearing was held before the ALJ on February 4, 2010, in St. George, Utah. (Tr. 28–53.) On May 24, 2010, the ALJ issued a decision finding Mr. T. not disabled. (Tr. 10–27.) On October 5, 2012, the Appeals Council denied Mr. T.'s request for review. (Tr. 1–6.).

Mr. T. appealed the Commissioner's decision to the United States District Court for the District of Utah. In an order dated March 4, 2014, the District Court remanded the case to the Commissioner, finding that the ALJ erred in analyzing whether Mr. T.'s knee impairments met or equaled Listing 1.03, in particular, whether he had the ability to ambulate effectively. (Tr. 469–77).

On remand, the ALJ held a supplemental hearing on August 4, 2015 with an orthopedic medical expert to resolve the question of Mr. T.'s ability to ambulate. (Tr. 457–68.) The medical expert, Dr. Robert Thompson, gave conflicting testimony regarding Mr. T.'s ability to ambulate, initially testifying that Mr. T. did not meet Listing 1.02 or 1.03, but then testifying that Mr. T. would not be able to walk a block at a reasonable pace on uneven or rough surfaces at a normal pace and questioned how many steps Mr. T. could climb with the use of a single handrail. (Tr. 462–65.) On October 28, 2015, the ALJ issued a decision

finding that that Mr. T. did not meet Listing 1.02 or 1.03 and was not disabled. (Tr. 434–49.)

Mr. T. filed a second appeal in the District of Utah challenging the ALJ's analysis of whether Mr. T.'s knee impairments met or equaled Listing 1.02 or 1.03. The Commissioner moved to remand the case pursuant to sentence four of 42 U.S.C. § 405(g), which the Court granted. (Tr. 725–32.)

Upon remand, on August 1, 2016, the Appeals Council vacated the Commissioner's decision and remanded the case to the ALJ to resolve the following issue:

> The hearing decision did not adequately evaluate whether the claimant met or equaled a listing in finding that the claimant did not have an "inability to ambulate effectively." The decision cited Listings 1.02 and 1.03 and relied on the testimony of impartial medical expert Robert Thompson, M.D. to make its finding for the period through May 25, 2010. The decision does not consider Dr. Thompson [sic] statement that he did not believe that the claimant could walk a block at a reasonable pace on uneven or rough surfaces and that how many steps he could climb at a reasonable pace with use of a single handrail was questionable (Transcript of Oral Hearing, page 8). Further, Dr. Thompson stated he did not see specific references that would meet Listing 1.00B2b (Transcript of Oral Hearing, page 7) and that he found the absence of references to ambulation in the record curious (Id, page 9). However, Dr. Thompson appears to have overlooked Dr. Branovacki's opinion in Exhibit 2F in this regard.
>
> Dr. Branovacki opined that the claimant was permanently unable to walk on uneven surfaces, which the prior United States District Court remand order (Exhibit 3A) found as evidence of an inability to ambulate effectively as described in the 1.00 Listings. The decision provided reasons why it did not adopt Dr. Branovacki's finding of disabled and found that opinion related to an inability to perform past work (Decision, pages 8-9), but did not explain why the ambulation restriction was not adopted. Therefore, further evaluation of whether the claimant's impairments meet or equal a listing and further

3

consideration of the treating source and medical expert opinions [sic] Dr. Branovacki and Dr. Thompson is necessary.

(Tr. 735–36.) Among other things, the Appeals Council ordered that "[u]pon remand the Administrative Law Judge will"

> [o]btain clarification from the medical expert Dr. Thompson regarding his testimony, or, if necessary, obtain supplemental evidence from a medical expert to clarify whether the claimant's impairments meet or equal the severity of an impairment listed in Appendix 1, Subpart P, Regulations No. 4 (20 CFR 404.1527(e) and Social Security Ruling 96-6p).

(Id. at 736.)

A remand hearing was held on May 16, 2017 in St. George, Utah. (Tr. 710–24.) The ALJ did not obtain clarification from Dr. Thompson concerning his prior testimony nor did he obtain supplemental evidence from a different medical expert. (See id.) On November 2, 2017, the ALJ issued a decision finding that Mr. T. did not meet Listing 1.02 or 1.03 and was not disabled. (Tr. 686–707.) Mr. T. brought this action to appeal the Commissioner's decision.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner. The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial evidence in support of the Commissioner's factual findings and whether the Commissioner applied the correct legal standards . 42 U.S.C. § 405(g); Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The Commissioner's findings shall stand if supported by substantial evidence. 42 U.S.C. § 405(g). In addition to a lack of substantial

4

evidence, the Court may reverse where the Commissioner uses the wrong legal standards, or the Commissioner fails to demonstrate reliance on the correct legal standards. See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); Thomson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993); Andrade v. Sec'y of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). However, the Court "may neither reweigh the evidence nor substitute [its] own judgment for that of the agency." Barnett v. Apfel, 231 F.3d 687, 689 (10th Cir. 2000) (internal quotations omitted).

## ISSUES PRESENTED FOR REIVEW

On appeal, Mr. T. argues that the ALJ failed to follow the instructions of the Appeals Council on remand, specifically the instruction to obtain clarification from Dr. Thompson, necessitating remand. Mr. T. also asks this Court to remand this case with an immediate award for benefits.

## DISCUSSION

In this case, Mr. T. has alleged that his impairments meet the requirements of Listing 1.03. In order to meet Listing 1.03, a claimant must show:

> Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.03.

Listing 1.00(B)(2)(b) provides examples of ineffective ambulation including: (1) the inability to walk a block at a reasonable pace on rough or uneven surfaces;

(2) the inability to sustain routine ambulatory activities such as shopping and banking; and (3) the inability to climb a few steps at a reasonable pace with the use of a single handrail.

As discussed above, at the August 4, 2015 supplemental hearing, Dr. Thompson gave conflicting testimony regarding Mr. T.'s ability to ambulate, initially testifying that Mr. T. did not meet Listing 1.02 or 1.03, but also that Mr. T. would not be able to walk a block at a reasonable pace on uneven or rough surfaces at a normal pace and questioned how many steps Mr. T. could climb with the use of a single handrail. (Tr. 462–65.) Given the contradictory testimony, the Appeals Council remanded the case to an ALJ, providing specific instructions to the ALJ to "[o]btain clarification from the medical expert Dr. Thompson regarding his testimony, or, if necessary obtain supplemental evidence from a medical expert to clarify whether [Mr. T.'s] impairments meet or equal" a Listing. (Tr. 736.)

Mr. T. argues that under 20 C.F.R. § 404.977, the ALJ is required to take any action ordered by the Appeal Council. (ECF No. 15 at 12.) In this case, the Commissioner acknowledges that on remand, the ALJ did not obtain clarification from Dr. Thompson or supplemental evidence from another medical expert. (ECF No. 17 at 6). However, the Commissioner argues that the ALJ was given the option of either re-contacting Dr. Thompson or obtaining supplemental evidence from another medical expert only if necessary. (Id.) The

Commissioner argues that the ALJ did not find it necessary to obtain any clarification.  (Id. at 7.)

The Court is not persuaded by the Commissioner's arguments.  The ALJ has a duty under applicable regulations to take action ordered by the Appeals Council:

> The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.

20 C.F.R. § 404.977(b); see also Paice v. Acting Comm'r of Soc. Sec., No. 1:16-CV-00042-EJF, 2017 WL 4325794, at *4 (D. Utah Sept. 27, 2017) (unpublished) ("[T]his case must be reversed and remanded on the issue of the ALJ's failure to follow the instructions of the Appeals Council and obtain supplemental opinion evidence regarding [the claimant's] mental impairments."); Hale v. Astrue, No. CIV-10-1377-L, 2012 WL 3542201, at *2–3, *7 (W.D. Okla. July 24, 2012) (unpublished) (finding that the ALJ erred by, among other things, "failing to comply with instructions by the Appeals Council" and that the error "require[d] reversal"), R. & R. adopted, No. CIV-10-1377-L, 2012 WL 3542198 (W.D. Okla. Aug. 16, 2012) (unpublished).

The plain meaning of the Appeals Council's Order required the ALJ to either obtain clarifying testimony from Dr. Thompson or new testimony on Mr. T.'s ability to ambulate effectively from another medical source.  The Appeals Council's Order also establishes that the prior record was legally insufficient to make a Listing determination.  The ALJ did not follow these instructions, which

was in error. The Court notes that the ALJ discounted Dr. Thompson's testimony, at least in part, because of the inconsistencies, which was an inappropriate attempt to circumvent the Appeals Council Order. (Tr. 693–94, 697–98.) Accordingly, the Court REVERSES and REMANDS this case with the specific instruction that on remand, the ALJ is to either obtain clarification from Dr. Thompson regarding his testimony and/or obtain testimony or evidence from a new medical source regarding Mr. T.'s ability to ambulate effectively during the relevant time period. The Court further instructs the ALJ to consider statements in the record regarding Mr. T.'s ability to ambulate generally, and particularly from 2006 through 2008 to determine both the onset date and the ambulation issue. The ALJ 's decision only cites to statements about ambulation from 2008 forward, even though the applicable period under consideration is September 2006 through 2010 and the record contains statements regarding ambulation prior to 2008. Further the ALJ's decision fails to acknowledge all of the places in the record where ambulation is mentioned by Mr. T.'s providers and fails to address those findings. (E.g. Tr. 288, 290, 295, 296.)

Finally, the Court declines to remand this case with an immediate award of benefits. Mr. T. argues that further proceedings would not serve any useful purpose as the evidence clearly establishes that he is disabled. (ECF No. 15 at 13.) However, the Court finds that given the inconsistent testimony in the record, clarification on remand concerning Mr. T.'s ability to ambulate effectively is required. The Court also notes that the Commissioner's finding of disability post-

2010 ameliorates in part the harm to Mr. T from this further delay while allowing for a fully informed decision.

**<u>ORDER</u>**

Under the relevant standard of review, the Court finds that the ALJ's conclusions were not supported by substantial evidence and are contrary to law. Accordingly, for the reasons set forth above, the Court REVERSES and REMANDS this matter to the Commissioner for further proceedings consistent with this Memorandum Decision and Order.

DATED this 28th day of February, 2019.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge